UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARGARET HUBBARD, et.al.,           CIV. NO. 13-2189(JRT/JSM)

Plaintiffs,                          REPORT AND RECOMMENDATION

v.

CITIMORTGAGE, INC., et.al.

Defendants.

The above matter came before the undersigned on Defendants' Motion to Dismiss [Docket No. 3]. Thomas Harder, Esq. and Cameron A. Lallier, Esq. appeared on defendants' behalf. There was no appearance by or on behalf of plaintiffs. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. §636(b)(1)(A), (B) and Local Rule 72.1(c).

**I.     BACKGROUND**

On July 26, 2013, plaintiffs, who are pro se, commenced an action in Hennepin County District Court against defendants CitiMortgage, Inc., its Chief Executive Officer Jane Fraser, and its attorneys Foley & Mansfield, PLLP, Cameron Lallier, Esq. and Thomas Harder, Esq. Notice of Removal, Ex. A (state court Summons and Complaint) [Docket No. 1]. Plaintiffs' Complaint is very unclear, but alleged that plaintiffs were bringing an "Unlimited Civil Action" against defendants for violating the Preamble to the

Bill of Rights, the First Amendment, "18 U.S.C. §47 FRAUD AND FALSE STATEMENTS," and 18 U.S.C. §13 "CIVIL RIGHTS."[1]  Id., p. 3.

The Complaint alleged that the defendants, "in their capacity as agents of the State," colluded to defraud and harm the plaintiffs, who refer to themselves as "Claimants" or "Injured Claimants."  Complaint, p. 4, ¶1.  Specifically, plaintiffs alleged that defendants committed fraud by making "unfounded entries" into the public record regarding a non-existent foreclosure.[2]  Id., p. 5, ¶4.  Plaintiffs further alleged that defendants abused their "public office" by persuading United States officials into violating "United States organic and Code ordinances, thereby conspiring to deny Injured Claimant's natural rights."  Id., ¶5.  As relief, plaintiffs sought fifty ounces of .999 pure gold or a Federal Reserve Note equivalent to $65,000 to be paid to each injured claimant, and for any interest in real property located in Colorado, which the Court assumes is the foreclosed property.  Id.

Defendants removed the case to District Court on August 13, 2013, pursuant to 28 U.S.C. §1331 (federal question).  Notice of Removal.  Defendants moved to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure in lieu of answering the Complaint.  Defendants argued that dismissal was appropriate because

---

[1]  18 U.S.C. §47 criminalizes the making of false statements in a variety of enumerated situations.  18 U.S.C. §13, the Assimilative Crimes Act, makes state law applicable to conduct occurring on land reserved or acquired by the Federal government.

[2]  This allegation may relate to defendants' recording of mortgage foreclosure documents, but this is not clear.  The instant suit seems to have originated from CitiMortgage's foreclosure on real property owned by plaintiffs Daniel and Margaret Hubbard in Colorado.  Plaintiff's Objection to Defendants' Motion to Dismiss, Ex. A (state court Complaint, CitiMortgage v. Hubbard, ¶6) [Docket No. 8-1].

plaintiffs: (1) failed to properly serve the Summons and Complaint; (2) the Complaint failed to state a claim; and (3) defendants were immune from suit based on retaliation for defendants' currently pending suit against plaintiffs. Defendants' Memorandum of Law in Support of Motion to Dismiss ("Def. Mem."), pp. 4-12 [Docket No. 5].

Regarding service, defendants asserted that one of the plaintiffs, Paul Sellors, delivered copies of the Summons and Complaint to a replacement receptionist at Foley & Mansfield's office for Harder, Lallier and Foley & Mansfield and mailed copies of the Summons and Complaint to CitiMortgage and Fraser. Def. Mem., p. 2; Affidavit of Thomas Harder ("Harder Aff."), ¶¶1-9 [Docket No. 6].[3] Defendants contended that these methods of service were ineffective under Minn. R. Civ. P. 4, and pursuant to Rule 12(b)(5), moved to dismiss the Complaint on that ground. Def. Mem., pp. 4-6.

Defendants also moved to dismiss pursuant to Rule 12(b)(6), stating that the Complaint was nearly incomprehensible. Id., p. 8. Defendants argued that taken as a whole, the Complaint appeared to allege that defendants failed to recognize that plaintiffs have the right to ignore United States law, counterfeit documents and establish their own court system. Id. Further, the Complaint appeared to be a response to defendants' lawsuit against plaintiffs, filed in District Court on January 16, 2013. (CitiMortgage v. Hubbard, Civ. No. 13-144 (JRT/JSM)). Def. Mem., pp. 9-11.

---

[3] Typically, in a Rule 12(b)(6) motion to dismiss the Court does not consider matters outside the pleadings. See Fed. R. Civ. P. 12(d). However, in addressing a motion to dismiss under Rule 12(b)(5) based on ineffective service of process, the Court must necessarily review matters outside the pleadings. See Devin v. Schwan's Home Servs., Inc., Civ. No. 04-4555 (RHK/AJB), 2005 WL 1323919, at *2 (D. Minn. May 20, 2005) (citation omitted). Review of this evidence does not convert the motion to one for summary judgment. Id.

Defendants argued that as to Foley & Mansfield, Harder and Lallier, it is well-established that lawyers cannot be sued by opposing parties based on their participation in litigation. Id., p. 10 (citations omitted). Parties (i.e. CitiMortgage) are protected from suit under the same principle. Id., p. 11 (citations omitted).

Although plaintiffs did not file a motion to remand this case back to state court,[4] plaintiffs responded by contending that removal of the lawsuit to District Court violated their due process rights, apparently because the District Court is a "foreign court" and being forced to submit to the jurisdiction of the District Court would be a "crime against the families on this land and a crime against the Minnesota Constitution." Id., p. 3. Plaintiffs' Objections ("Pls. Obj.") [Docket No. 8]. Plaintiffs alleged that defendants used "trickery and magic" to establish federal jurisdiction. Id.

Plaintiffs responded to defendants' arguments regarding sufficiency of service, contending that defendants must have been served, as they attached a copy of the Summons and Complaint to the Notice of Removal. Id., p. 5. Plaintiffs submitted copies of their affidavits of service, which they contended showed proper service. Id., Ex. F.

Plaintiffs renewed their request for fifty ounces of .999 pure gold or a Federal Reserve Note of $65,000 to be paid to each "injured claimant" and compensation for their interests in the Colorado property. Id., p. 6.

After filing their initial response, plaintiffs filed a document entitled "Notice of Collusion to Deny Access to one of the courts of the freely associated compact states."

---

[4] The time period to remand this case has passed. See 28 U.S.C. §1447(c) (motion to remand based on any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal.)

4

("Pl. Notice") [Docket No. 15] (capitalization as in original). This pleading alleged that defendant Harder and his client "lacked standing" and that the Court did not have jurisdiction over the lawsuit, because their Complaint presented no federal question. Id., p. 3. Plaintiffs did not address the fact that their Complaint alleged a violation of the First Amendment and various federal statutes. Plaintiffs also denied that diversity jurisdiction existed, claiming that defendants fraudulently represented that the amount in controversy exceeded $75,000. Id. In short, this pleading appears to be an objection to removal of the case to federal court.

On October 8, 2013, this Court heard defendants' Motion to Dismiss. There was no appearance by plaintiffs or by anyone on plaintiffs' behalf. The record indicated that defendants served plaintiffs with an Amended Notice of Hearing on Defendants' Motion to Dismiss. [Docket No. 13].

### III. DISCUSSION

Proper service is a prerequisite for the Court's jurisdiction over a party. See Murphy Bros., Inc. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999); Printed Media Serv., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir.1993). Questions regarding a court's jurisdiction must be addressed before resolving issues on the merits. See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001).

Pursuant to Minnesota law, service on an individual is effective when the summons and complaint are served personally on the defendant or when these pleadings are left at the defendant's residence with a person of suitable age and discretion residing in the residence. Minn. R. Civ. P. 4.03. Service on a partnership is effected "by delivering a copy [of the summons and complaint] to a member or the

managing agent of the partnership," unless the partnership has consented to another form of service pursuant to statute. Minn. R. Civ. P. 4.03(b). A foreign corporation is served "by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive to receive service of summons. . . ." Minn. R. Civ. P. 4.03(c).

Service may be made by mail, but service by mail is not effective unless the recipient signs and returns an acknowledgement substantially in the form provided by the Civil Rules. Minn. R. Civ. P. 4.05.

"[S]ervice of process in a manner not authorized by the rule is ineffective service." Turek v. A.S.P. of Moorhead, Inc., 618 N.W.2d 609, 611 (Minn. Ct. App. 2000), review denied, (Minn. Jan. 26, 2001) (citations omitted). In addition, plaintiff "has the ultimate burden [of] establishing the validity of service of process." A.C. ex rel. M.C. v. Ind. School Dist. No. 152, Civ. No. 06-3099 (DWF/RLE), 2006 WL 3227768, at *4 n. 4 (D. Minn. Nov.7, 2006) (citing Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir.1995)). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant." Michetti Pipe Stringing, Inc., 526 U.S. at 350; see also Printed Media Servs., Inc., 11 F.3d at 843 ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.") This is true even if a defendant has actual notice of the lawsuit. Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir.1982) (citations omitted). Moreover, a defendant "consents to nothing and 'waives' nothing" by removing an action. Crumrine v. NEG Micon USA, Inc., 104 F.Supp.2d. 1123, 1128 (N.D. Iowa, 2000) (citation omitted).

6

The evidence before this Court establishes that defendants were never properly served. The Summons and Complaint for Harder, Lallier and Foley & Mansfield were left with a replacement receptionist at Foley & Mansfield. Harder Aff., ¶4. Harder and Lallier were required to be personally served, or through service on an appropriate person at their residences. Foley & Mansfield is a limited liability partnership, and service was made on an unauthorized person in violation of Minn. R. Civ. P. 4.03(b). The Summons and Complaint for Fraser and CitiMortgage was mailed by certified mail, but there is no evidence that an acknowledgement was either included or returned. Harder Aff., ¶8; Pl. Mem., p. 5.

Plaintiffs did not dispute the method of service they employed, but contended that service on Harder, Lallier and Foley & Mansfield was proper, as evidenced by their affidavits of service. Pls. Obj., Ex. F. But these affidavits do not evidence proper service—there is a handwritten note on the affidavit of service on Harder, Lallier and "Man/woman acting as CEO for Foley & Mansfield, PLLP" that states "service was received by Rita Larey." Rita Larey was apparently the replacement receptionist at Foley & Mansfield who accepted the papers, although without authorization. Harder Aff., ¶¶4, 7. Larey's acceptance of the papers did not constitute personal service on Harder or Lallier and there is no evidence that she was authorized to accept service on behalf of the partnership pursuant to Minn. R. Civ. P. 4.03(b). The certificate of service on "Man/woman acting as CEO for Citi Mortgage, Inc. and its Owners and Jane Fraser" does not indicate that an acknowledgment of service was provided, nor is there an acknowledgement in the record.

7

As for plaintiffs' contention that defendants "respond[ed] to the content of papers which they supposedly never received" and "Trespassers/Defendants include as Attachments the very papers they claim they never received," Pls. Obj., p. 5, receipt of a summons and complaint indirectly does not constitute effective service. Moreover, under Minnesota law, actual notice of a lawsuit by receiving the summons and complaint in the mail does not constitute effective service. <u>Lockhart v. CitiMortgage, Inc.</u>, Civ. No. 10-4624(DSD/FLN), 2011 WL 1790342, at *2 (D. Minn. May 10, 2011).

For all of these reasons, this Court recommends dismissal of the suit without prejudice as it lacks jurisdiction to consider the merits of plaintiffs' Complaint.

## IV. RECOMMENDATION

For the reasons set forth above, it is recommended that:

(1) Defendants' Motion to Dismiss [Docket No.3] be **GRANTED.**

(2) This matter be dismissed without prejudice.

Dated: December 4, 2013              *Janie S. Mayeron*
                                     JANIE S. MAYERON
                                     United States Magistrate Judge

### **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **DECEMBER 18, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.