UNITED STATES DISTRICT COUR

DISTRICT OF MINNESOTA

| | |
|---|---|
| MARGARET HUBBARD,<br>DANIEL HUBBARD, and<br>PAUL ERNEST SELLORS,<br><br>                    Plaintiffs,<br><br>v.<br><br>CITI MORTGAGE, INC.,<br>JANE FRASER,<br>FOLEY & MANSFIELD, PLLP,<br>THOMAS HARDER, and<br>CAMERON LALLIER,<br><br>                    Defendants. | Civil No. 13-2189 (JRT/JSM)<br><br><br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Margaret Hubbard and Daniel Hubbard, Post Office Box 461966, Aurora, CO 80046, and Paul E. Sellors, Post Office Box 18532, Minneapolis, MN 55418 *pro se*.

Cameron A. Lallier and Thomas A. Harder, **FOLEY & MANSFIELD, PLLP**, 250 Marquette Avenue South, Suite 1200, Minneapolis, MN 55401, for defendants.

Before the Court is a motion to dismiss by defendants Citi Mortgage, Inc. ("CitiMortgage"), its Chief Executive Officer Jane Fraser, the law firm representing it, Foley & Mansfield PLLP ("Foley"), and Foley attorneys Thomas Harder and Cameron Lallier (collectively, "Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(5) for ineffective service of process and 12(b)(6) for failure to state a claim. On December 4, 2013, United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("R&R") recommending that the Court grant the motion to dismiss the

case without prejudice for ineffective service under Minnesota law. Plaintiffs Paul Ernest and Daniel and Margaret Hubbard now object to the R&R, asserting that service of process was proper. Having conducted a *de novo* review of the portions of the R&R to which Plaintiffs object, *see* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b), and having carefully reviewed the submitted materials, the Court will overrule Plaintiffs' objections and adopt the R&R because the Court finds that Plaintiffs failed to show that service of process was adequate and will thus dismiss Plaintiffs' claims against all Defendants.

## BACKGROUND

### I.   COMPLAINT

Plaintiffs commenced this action on July 26, 2013, in Hennepin County District Court. (Notice of Removal, Ex. A (Summons and Complaint ("Compl.")), Aug. 13, 2013, Docket No. 1.) Plaintiffs' allegations are unclear, but seem to arise from CitiMortgage's foreclosure on real property owned by plaintiffs Daniel and Margaret Hubbard in Colorado. (Compl. at 7-8.)[1] Specifically, Plaintiffs' Complaint alleges that Defendants committed fraud "by making unfounded entries into the public record" regarding a non-existent foreclosure. (*Id.* at 7.) Plaintiffs filed an "Unlimited Civil Action" against Defendants for violating (1) the Preamble to the Bill of Rights, (2) the First Amendment, (3) "18 U.S.C. §47 FRAUD AND FALSE STATEMENTS," and (4) 18 U.S.C. §13 "CIVIL RIGHTS." (Compl. at 5.)

---

[1] All page numbers in references to the record refer to the CMECF pagination, even if that pagination is continuous through exhibits.

Plaintiffs further allege that Defendants "abused their public office" by persuading "United States Officials into violating United States organic and Code ordinances, thereby conspiring to deny Injured Claimant's natural rights." (*Id.* at 7.) As relief, Plaintiffs seek fifty ounces of 0.999 pure gold or a Federal Reserve Note equivalent to $65,000 to be paid to each injured claimant, and for any interest in a specified piece of real property located in Colorado. (*Id.* at 8.)

## II.   REMOVAL AND MOTION TO DISMISS

The Defendants removed the action to federal court on August 13, 2013, pursuant to 28 U.S.C. §1331(a) federal question jurisdiction, as the complaint alleged a violation of the First Amendment and various federal statutes. (Notice of Removal ¶¶ 6–7.) Defendants then moved to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) for: (1) failure to properly serve the Summons and Complaint; and (2) failure to state a claim upon which relief can be granted. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss at 4-12, Aug. 20, 2013, Docket No. 5.) Defendants' motion included an affidavit by Thomas Harder in which he affied that he and Defendant Lallier work for Foley, who represents CitiMortgage and Fraser, its CEO. (Aff. of Thomas A. Harder ¶¶ 1-3, Aug. 20, 2013, Docket No. 6.) The affidavit also states that the Summonses and Complaints for Defendants Harder, Lallier, and Foley were delivered to an employee of Foley who agreed to allow the two individuals delivering the papers "to hand the papers to her." (*Id.* ¶¶ 4-6.) The affidavit states that the employee was not a partner of Foley, that she had not received approval to accept service on Foley's behalf (and that the deliverers had not

asked her whether she could), and that she later handed all of the papers to Harder. (*Id.* ¶¶ 6-7, 9.)

Plaintiffs responded to Defendants' Motion to Dismiss with an "Objection" to the Notice of Removal and Defendants' Motion to Dismiss. (Objection to Defs.' Mot. to Dismiss ("Mem. in Opp'n to Mot. to Dismiss") at 2, Aug. 26, 2013, Docket No. 8.)[2] Plaintiffs contend that removal of the lawsuit to the District Court violates Plaintiffs' due process rights because the District Court is a "foreign court" and being forced to submit to its jurisdiction is a "crime against the families on this land and a crime against the Minnesota Constitution." (*Id.* at 3.) Plaintiffs also allege that Defendants used "trickery and magic" to establish federal jurisdiction. (*Id.*) With regard to service of process, Plaintiffs argued that it was valid because the Defendants "respond[ed] to the content in the papers which they supposedly never received." (*Id.* at 5.) Plaintiffs' submission included preprinted "Personal Service Affidavits" for service on Lallier, Harder, and Foley signed by Donna Streier. (*Id.*, Ex. F at 29-31.)[3]

---

[2] For clarity and conformance with this Court's nomenclature, the Court will refer to the "Objections" filed in response to Defendants' Motion to Dismiss as Plaintiffs' "Mem. in Opp'n to Mot. to Dismiss" and will refer to Plaintiffs' "Exceptions" to the Magistrate Judge's R&R as "Objections." (*See* Exception to Doc. 17 ("Objections to R&R"), Dec. 10, 2013, Docket No. 18.)

[3] Plaintiffs also filed a "Notice of Collusion to Deny Access to one of the courts of the freely associated compact states" on September 13, 2013, which objected to removal of the case to federal court. (Pls.' Notice at 1–3, Sept. 13, 2013, Docket No. 15.) The pleading alleges that Harder and his client "lack[ed] standing" and that federal jurisdiction was improper because their complaint presented no federal question. (*Id.* at 3.) Because the Court concludes that Plaintiffs' claims must be dismissed for lack of personal service, the Court need not address this submission.

## III.     PROCEEDINGS BEFORE THE MAGISTRATE JUDGE

The Magistrate Judge held a hearing on Defendants' motion to dismiss on October 8, 2013. (Ct. Mins. for Civil Mot. Hr'g, Oct. 8, 2013, Docket No. 16.) There was no appearance by Plaintiffs or by anyone on Plaintiffs' behalf. (*Id.*) On December 4, 2013, the Magistrate Judge issued an R&R recommending that Defendants' Rule 12(b)(5) motion to dismiss be granted without prejudice for insufficient service of process. (R&R at 8, Dec. 4, 2013, Docket No. 17.) The R&R concludes that personal service for Foley was ineffective under Minnesota Rule of Civil Procedure Rule 4 because, based on the Harder Affidavit, service of process was delivered to an employee of Foley, Rita Larey, who was not authorized to receive service on its behalf. (R&R at 7.) The R&R concludes that service was ineffective for Harder and Lallier because, based on the Harder Affidavit, the Summonses and Complaints were handed to Larey and not personally served upon Harder or Lallier. (*Id.*) Finally, with regard to Fraser and CitiMortgage, the R&R concludes that service by mail was ineffective under Rule 4.05 because Plaintiffs provided no evidence of an acknowledgment of receipt, as required for service by mail under the rule. (*Id.*)

Plaintiffs filed an "Exception to Document 17" on December 10, 2014, arguing that the R&R erred in concluding that service was not proper by erroneously looking only to Minnesota Rule of Civil Procedure 4.03, instead of Minnesota Rule of Civil Procedure 5.02(a), under which service to the relevant Defendants was proper. (Exception to Doc. 17 ("Objections to R&R") at 1–2, Dec. 10, 2013, Docket No. 18.) Plaintiffs argue that service on Fraser was proper under Rule 5.02 because it was mailed to her last

known address.  (*Id.* at 2.)  With regard to Lallier and Harder, Plaintiffs claim that service of process was proper because it was left "at the attorney's or party's office with a clerk or other person in charge thereof" pursuant to Rule 5.02(a).  (*Id.* at 1–2 (emphases omitted).)  Plaintiffs argue additionally that a letter dated July 5, 2013, from Lallier "admitted" that "papers were delivered to the offices of Foley & Mansfield PLLP," which counts as a "[w]ritten admission of service by the party or the party's attorney" under Rule 5.02.  (*Id.* (emphases omitted) (referencing *id.*, Ex. C at 4).)  Plaintiffs also urge the Court to "take judicial notice of the fact that Thomas A. Harder's credibility must be taken into account due to the purposeful misinformation presented to this court and the state court."  (*Id.* at 2.)

On December 13, 2013, Plaintiffs filed an "Addendum to Exception to Document 17" ("Addendum").  (Addendum at 1, Dec. 13, 2013, Docket No. 19.)  The Addendum includes affidavits of Streier and Kevin Frazen.  (*Id.* at 4-7.)  Plaintiffs argue that these affidavits "serve as evidence the Defendants were properly served" and "serve as evidence that Defendants continue to dishonor the courts by continuing to willfully enter false information into the court's record."  (*Id.* at 1.)  Streier's affidavit states that on July 29, 2013, she entered Foley's building accompanied by Frazen and asked the receptionist who was available to receive process.  (*Id.* at 4.)  Streier states that the receptionist, Rita Larey, said she could accept service of the papers for Lallier, "as she worked for him, and so she did."  (*Id.*)  With regard to Harder, however, the affidavit states that Larey "said she would not accept service for Thomas Harder and called him to the desk, we waited about 10 minutes and then a man came to the desk and said that he

was Thomas Harder. He accepted the packet entitled UNLIMITED CIVIL ACTION/common-in law action from me." (*Id.*)

Similarly, Frazen's affidavit states that Larey stated she would receive service of process for Lallier because she worked for him and that she took the packet from Streier and also accepted a packet for the "firm Foley and Mansfield." (*Id.* at 6.) With regard to Harder, the affidavit states that she refused to accept service for him and called him to the desk. (*Id.*) The affidavit proceeds: "After about 10 minutes of waiting a man came to the desk and identified himself as Thomas Harder. Donna Streier gave him the packet entitled Unlimited Civil Action in Common Law." (*Id.* at 7.)

## ANALYSIS

### I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### II. SERVICE OF PROCESS

The Court construes Plaintiffs' filings at docket numbers 17 and 18 as objections to the R&R. Those filings challenge the Magistrate Judge's conclusion in the R&R that service of process on Harder, Lallier, Foley, and Fraser was inadequate under Minnesota law, which the Court will review *de novo*. The Court concludes that nothing in those

submissions can be construed as objecting to the R&R's conclusion with regard to service of process upon CitiMortgage and thus reviews that conclusion for clear error. *Mashak v. Minnesota*, Civ. No. 11-473, 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012) ("In the absence of specific objections, the R&R is reviewed for clear error." (citing Fed. R. Civ. P. 72 advisory committee's note)), *appeal dismissed* (Aug. 30, 2012).

### A.     Law Governing Service of Process

Proper service is essential for a court to exercise jurisdiction over a party. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). Such questions pertaining to the Court's jurisdiction must be resolved before considering any matter on the merits. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). The Court looks to Minnesota law for the applicable standards for service of process because that is the jurisdiction in which the action was filed before it was removed to this Court. *See Norsyn, Inc. v. R.M. Desai*, 351 F.3d 825, 829 (8th Cir. 2003) ("Since this event occurred prior to removal, we must determine whether it constituted sufficient service in accordance with the law of the jurisdiction in which the action was filed.").

The Minnesota Rules of Civil Procedure "set up a bifurcated system for service that contemplates different requirements for service of a summons under Rule 4.03, and for all other service under Rule 5.02." *In re Skyline Materials, Ltd.*, 835 N.W.2d 472, 475 (Minn. 2013); *see also Kmart Corp. v. Cnty. of Clay*, 711 N.W.2d 485, 490 (Minn. 2006) (noting "[f]acsimile service is authorized under Minn. R. Civ. P. 5.02, but Rule 5

applies only to service of documents after an action has been initiated"). The service in question here plainly involves a summons and complaint, which the parties do not dispute, so Rule 4.03 sets forth the applicable service requirements.

Under Minnesota Rule of Civil Procedure 4.03, service on an individual is effected by "delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a). Service upon a partnership or association is effected by "delivering a copy to a member or the managing agent of the partnership or association." *Id.* 4.03(b). Service upon a corporation is effected by "delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons." *Id.* 4.03(c). Service by mail is effective if the sender receives acknowledgment of the service by the defendant within the time permitted for answering the complaint. *Id.* 4.05. "Once the plaintiff submits evidence of service, a defendant who challenges the sufficiency of service of process has the burden of showing that the service was improper." *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 384 (Minn. 2008).

### B. Adequacy of Service of Process upon Fraser

The R&R concluded that service upon Fraser was ineffective because it was sent by mail but Plaintiffs provided no evidence that they received an acknowledgment of service from Fraser within the time required by Minnesota Rule of Civil Procedure 4.05. (R&R at 7-8.) Plaintiffs appear to object to this conclusion on the ground that Minnesota

Rule of Civil Procedure 5 permits service by mailing a copy to the "party's last known address." (Objections to R&R at 2.) But Rule 5 applies only to service of documents after a lawsuit has been commenced, not the summons and complaint. *Kmart Corp.*, 711 N.W.2d at 490 ("'Rule 4 should not be confused with Rule 5, which allows service by fax or mail only after a lawsuit has been properly commenced by using a Rule 4 method of service.'" (quoting 1 David F. Herr & Roger S. Haydock, Minnesota Practice – Civil Rules Ann. § 4.6 (4th ed. 2002))). Thus, Rule 4 sets the applicable standards here, which, as the R&R concluded, Plaintiffs did not meet because they have provided no evidence that Fraser provided an acknowledgment of service within the relevant time period. *See Turek v. A.S.P. of Moorhead, Inc.*, 618 N.W.2d 609, 611-12 (Minn. Ct. App. 2000) (holding that service by mail is ineffectual if signed acknowledgment of service is not received by sender within 20 days and observing that a defendant's actual knowledge of a lawsuit is not sufficient to effect service under the mail rule); *Coons v. St. Paul Cos.*, 486 N.W.2d 771, 775 (Minn. Ct. App. 1992) (holding that absent a returned acknowledgement, proof of actual receipt and actual notice of the lawsuit is not sufficient to establish effective service under Rule 4.05).

### C. Adequacy of Service upon CitiMortgage

Plaintiffs do not appear to object to the Magistrate Judge's conclusion that service by mail upon CitiMortgage was ineffective because Plaintiffs failed to provide an acknowledgment of service. Reviewing for clear error, the Court concludes, for the same

reasons service of process was ineffective for Fraser, that Plaintiffs' attempted service of process by mail upon CitiMortgage was ineffective.

### D.     Adequacy of Service of Process upon Foley

The R&R concluded that Plaintiffs failed to establish that they had effected proper service of process upon Foley because their documentation indicated only that the summons and complaint were left with a receptionist at Foley, who the R&R concluded was not authorized to accept service (presumably because Plaintiffs had not established that she was a "member or the managing agent" of the firm or an agent whom the firm had appointed to receive service under Rule 4.03). (R&R at 6-7 (citing Minn. R. Civ. P. 4.03(b)).)  Plaintiffs' primary objection to this conclusion appears to be that Defendants admitted that "papers were delivered to the offices of Foley & Mansfield PLLP," which suffices as "[w]ritten admission of service by the party or the party's attorney" and is "sufficient proof of service" under Rule 5. (Objections to R&R at 2 (emphases omitted) (quoting *id.*, Ex. C at 4; Minn. R. Civ. P. 5)).

Again, this argument fails because it is Minnesota Rule of Civil Procedure 4, not Rule 5, that governs service of process of the summons and complaint initiating a lawsuit, and because actual notice or receipt of service does not amount to effective service of process that otherwise fails to comply with the Minnesota Rules of Civil Procedure. *See Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982) ("Unless a defendant voluntarily makes an appearance or waives defective service, a federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance

with applicable federal or state statutory requirements" and "[t]his principle remains true despite any actual notice a defendant may have of the lawsuit"). Thus, the Court concludes that Plaintiffs' attempted service of process upon Foley was ineffective because Plaintiffs have provided no evidence that Larey was authorized to receive service on behalf of Foley.

### E.   Adequacy of Service upon Lallier and Harder

The R&R concluded that Plaintiffs failed to establish that they had effectively served Harder and Lallier because the Summonses and Complaints were left with Larey at Foley. (R&R at 7.) Plaintiffs appear to object to this conclusion on the ground that service upon Lallier and Harder was satisfied because the Summonses and Complaints were left "at the attorney's or party's office with a clerk or other person in charge thereof" under Minnesota Rule of Civil Procedure 5 and because Lallier and Harder have admitted in their filings that they are counsel for the "defendants." (Objections to R&R at 2 (emphases omitted).) As with service upon the other Defendants discussed above, this argument fails because Rule 5 does not govern the service at issue.

In Plaintiffs' Addendum they also argue that additional affidavits submitted with the Addendum "serve as evidence the Defendants were properly served." (Addendum at 1.) In those affidavits, Streier and Franzen state that the receptionist at Foley, Rita Larey, stated that she could accept service of process on behalf of Lallier and that Streier personally handed the Summons and Complaint to Harder. (Addendum at 4, 6.) With regard to Lallier, neither affidavit alters the analysis of the Magistrate Judge, which

concluded that Plaintiffs failed to establish that Larey's receipt of the documents on behalf of Lallier was proper service. (R&R at 7.) This conclusion is correct, and nothing in the Plaintiffs' submissions objecting to the R&R offers any proof that Larey was authorized to receive service on Lallier's behalf. *See* Minn. R. Civ. P. 4.03(a) ("If the individual has, pursuant to statute, consented to any other method of service or appointed an agent to receive service of summons, or if a statute designates a state official to receive service of summons, service may be made in the manner provided by such statute.").

With regard to Harder, however, the issue is more complicated, because, if true, the accounts in the Streier and Franzen affidavits that Streier personally handed the Summons and Complaint to Harder would establish personal service under Minnesota Rule of Civil Procedure 4.03. However, Plaintiffs failed to raise this argument or present this evidence before the Magistrate Judge. The only evidence of service of process upon Harder that Plaintiffs presented before the Magistrate Judge was an affidavit of service which stated that Streier "served the [Summons and Complaint] upon Thomas Harder by handing a true and correct copy of the documents to him/her . . . ." (Mem. in Opp'n to Mot. to Dismiss, Ex. 1 at 29.) Although the affidavit of service indicates that the summons and complaint was served **upon** Harder, it does not indicate that service was **personally handed** to him. Indeed, the "upon" language was used by plaintiffs to describe service on Lallier, which was undisputedly not personally delivered to him. (*See id.* at 29-30.) Furthermore, the affidavit was contradicted by the specific statements in Harder's own account of the incident, which stated that Larey "came to tell [him] that

- 13 -

some papers had been delivered" for him and then handed him the papers. (Harder Aff. ¶ 4.) Presented with this evidence, the Magistrate Judge properly found that Defendants had met their burden of showing that Plaintiffs failed to effect service of process. *See Shamrock Dev., Inc.*, 754 N.W.2d at 384 ("Once the plaintiff submits evidence of service, a defendant who challenges the sufficiency of service of process has the burden of showing that the service was improper."). The evidence in the record before the Magistrate Judge established that Plaintiffs had not personally served Harder and the Magistrate Judge correctly concluded that service on him was improper.[4]

Although Plaintiffs' newly submitted filings contradict the Harder Affidavit and suggest that Streier personally handed the Summons and Complaint to Harder, this information was not presented to the Magistrate Judge, and therefore Plaintiffs' argument that Harder was personally served is waived. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("[Plaintiff] was required to present all of his arguments to the magistrate judge, lest they be waived."); *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 1000 (8th Cir. 2004) (noting that when a magistrate judge is hearing a matter pursuant to his or her limited authority to make a recommended disposition, "a claimant must present all his claims squarely to the magistrate judge, that

---

[4] Streier's affidavits of service on Lallier and Foley had a handwritten note which stated "service was received by Rita Larey." (Mem. in Opp'n to Mot. to Dismiss, Ex. 1 at 30-31.) Her handwritten note on the affidavit of service on Harder stated "was called to desk by Rita Larey." (*Id.*, Ex. 1 at 29.) That ambiguous handwritten note, on its own, is not enough to demonstrate Harder was personally served. There was nothing else in the record prior to the filing of Judge Mayeron's R&R that explained the handwritten note or suggested that Streier handed the papers to Harder.

is, the first adversarial forum, to preserve them for review" (internal quotation marks omitted)). "A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006).[5] Plaintiffs' argument before the Magistrate Judge with regard to service of process upon Harder was that service was proper because he had clearly received the Summons and Complaint, as evidenced by the fact that he responded to them, (Mem. in Opp'n to Mot. to Dismiss at 5 ("Let it be clear that in this very motion from Trespassers/Defendants they respond to the content in the papers which

---

[5] Although Plaintiffs do not make this argument, the Court recognizes that district courts are permitted to "receive further evidence" when conducting *de novo* review of recommendations by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Courts of Appeals are split on the question regarding the circumstances under which a district court must consider new evidence not presented before the Magistrate Judge and the Eighth Circuit does not appear to have ruled on the issue. *See* Kevin Koller, *Deciphering De Novo Determinations: Must District Courts Review Objections Not Raised Before a Magistrate Judge?*, 111 Colum. L. Rev. 1557, 1566 (2011) (recognizing "split over whether a district court should distinguish between evidence and arguments not presented before a magistrate judge"). Given that the Eighth Circuit has concluded that a District Court need not consider **arguments** not made before the Magistrate Judge, *see Ridenour*, 679 F.3d at 1067, the Court will follow the circuits that apply similar discretion to considering **evidence** not presented to the Magistrate Judge. *See, e.g. United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) ("a district court has discretion . . . to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation," but "in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion"). Accordingly, the Court declines to consider the new affidavits here because the information presented in the new affidavits was available to Plaintiffs prior to the hearing before the Magistrate Judge and at the time Plaintiffs responded to Defendants' motion. *Cf. Dougherty v. Chisago Cnty.*, Civ. No. 11-2404, 2013 WL 3974164, at *1 (D. Minn. July 31, 2013) ("A court does not abuse its discretion by failing to consider new evidence where, as here, the party asking to present the new evidence was well aware of the existence and potential relevance of that evidence at the time of the hearing before the magistrate judge and nevertheless chose, for whatever reason, neither to present the evidence nor to seek a continuance so that the evidence could be presented.").

they supposedly never received.")), not that service was proper because Streier personally handed the Summons and Complaint to Harder.

Certainly, the Court construes pleadings by *pro se* parties liberally, *Stuke v. Minnesota*, Civ. No. 08-5364, 2008 WL 4745568, at *1 (D. Minn. Oct. 29, 2008) ("pro se pleading is to be liberally construed" but still must allege facts), but here, the Court deems it appropriate to dismiss Plaintiffs' claims against Harder and all other Defendants without prejudice.  *Cf. Semler v. Klang*, 603 F. Supp. 2d 1211, 1226-27 (D. Minn. 2009) (service upon receptionist at law firm where counsel for party worked was not effective upon party, despite party's actual notice of the case, where there was no basis to conclude that counsel or receptionist was authorized to receive service on party's behalf and dismissing without prejudice); *Stuke v. Leonard Street & Deinard*, Civ. No. 11-141, 2011 WL 2490715 at *1 (D. Minn. June 23, 2011) (adopting R&R concluding that *pro se* plaintiff's service of process on the law firm receptionist was insufficient as service for two lawyers who worked at the firm or on the firm itself and dismissing the case without prejudice).  Plaintiffs may, in light of this opinion and the R&R, seek to re-file their complaint and serve process upon Defendants in accordance with Minnesota Rule of Civil Procedure 4.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiffs' objections [Docket Nos. 18 and 19] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated December 4, 2013 [Docket

No. 17]. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 3] is **GRANTED**. This matter is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 31, 2014  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
United States District Judge